IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RANDOLPH RAGLAND,

    Petitioner,

v.

CASE NO. 2:08-CV-00716
JUDGE SARGUS
MAGISTRATE JUDGE KING

WANZA JACKSON,

    Respondent.

## OPINION AND ORDER

On December 22, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*, as well as a request for a stay. Doc. Nos. 15, 17. Respondent opposes petitioner's request for a stay because petitioner did not previously raise his unexhausted claim in this federal habeas corpus petition. Doc. No. 18. For the reasons that follow, petitioner's request for a stay, Doc. No. 15, is **DENIED**. His objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner requests a stay of proceedings pending exhaustion of a motion to vacate judgment, assertedly filed in the state trial court, in which petitioner argues that his sentence is void under *State v. Boswell*, 121 Ohio St.3d 575 (2009), because the trial court's judgment entry failed to specify that petitioner would be subject to five years post release

control. *See Motion for Stay*, Doc. No. 15. In his *Objections*, petitioner does not actually raise any objections to the Magistrate Judge's recommendation of dismissal of his claims, but instead renews that request for a stay. *See Objections*, Doc. No. 17. In response, respondent notes that *Boswell* was issued on April 9, 2009; petitioner had not previously sought to amend his petition to include a claim under *Boswell*, and the docket indicates that petitioner waited until December 24, 2009 -- *i.e.*, approximately eight months after *Boswell* was issued -- to file his request for a stay. Further, and assuming *arguendo* that a request to amend the petition with this claim is not time-barred under 28 U.S.C. §2244(d), the record fails to suggest that a stay of proceedings is appropriate under *Rhines v. Weber*, 544 U.S. 269 (2005):

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. *Cf. Duncan, supra,* at 180, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 ("[D]iminution of statutory incentives to proceed first in state court would • • • increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the

2

> failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.* Here, petitioner's proposed unexhausted claim fails to present an issue appropriate for federal habeas corpus relief.

A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Petitioner's proposed *Boswell* claim raises only an issue of state law, and is not appropriate for federal habeas review.

Therefore, because petitioner's unexhausted claim is plainly without merit, his request for a stay, and objections to the *Report and Recommendation*, Doc. Nos. 15, 17, are **DENIED**.

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

3

The Clerk shall enter **FINAL JUDGMENT**.

1-26-2010
Date

EDMUND A. SARGUS, JR.
United States District Judge